Alvin CONERLY, Appellant,

v.

Stan A. YATES, Warden,
FCI Allenwood.

No. 04–4664.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 7, 2005.

Decided Oct. 11, 2005.

Alvin Conerly, Loretto, PA, pro se.

D. Brian Simpson, Office of United States Attorney, Harrisburg, PA, for Appellee.

Before ALITO, SMITH and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Alvin Conerly appeals the District Court's order denying his petition filed pursuant to 28 U.S.C. § 2241. In his petition, Conerly challenged the Bureau of Prison's calculation of his sentence and alleged that he was entitled to credit for time spent in temporary federal custody and in state custody. The District Court denied his petition, and Conerly filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's legal conclusions is plenary, and we review its findings of facts for clear error. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002). The procedural history of this case and the details of Conerly's claims are well-known to the parties, set forth in the District Court's opinion, and need not be repeated here. On appeal, Conerly contends that appellee waived any defense to his claim by failing to timely respond to it. We disagree. Conerly also argues that he is entitled to credit on his federal sentence for the time served on his second state sentence because this sentence for conspiracy and bank robbery was based on the same offense or acts as the federal sentence for racketeering. However, a RICO offense is not the same as the underlying

predicate act and can be prosecuted and sentenced separately. *See United States v. Pungitore,* 910 F.2d 1084 (3d Cir.1990)(allowing prosecution for a RICO offense after conviction for the underlying predicate offense); *United States v. Grayson,* 795 F.2d 278, 283 (3d Cir.1986)(allowing separate prosecutions and cumulative punishments for RICO offense and underlying predicate offense.).

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's December 20, 2004, order.